1  BENJAMIN B. WAGNER
   United States Attorney
2  TODD PICKLES
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA  95814
4  Telephone: (916) 554-2766
   Facsimile: (916) 554-2900

**FILED**

JUN 2 2 2012

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
         DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

IN THE MATTER OF THE           )
APPLICATION OF THE UNITED STATES) 2:12-SW-0349  GGH
OF AMERICA FOR AUTHORIZATION TO )   CASE NO. 2:12-SW-
OBTAIN LOCATION DATA CONCERNING )
A CELLULAR TELEPHONE ASSIGNED   )   ORDER
TELEPHONE NUMBER: 916-240-6267  )
                                )
                                )   **UNDER SEAL**
                                )
                                )
                                )
                                )   SEALED
                                )

    This matter came before the Court on an application by the United States for an Order pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), authorizing agents of the United States Drug Enforcement Administration (DEA) to ascertain the physical location of the following cellular telephone: **916-240-6267**, Urban Fleet Mobile Identifier: 117*490*9396, and International Mobile Subscriber Identity ("IMSI"): 316010167462449, subscribed to by "Jaime Correa" at Po Box 54988, Irvine, California 92619, with service provided by Sprint/Nextel (hereinafter **"TARGET TELEPHONE"**),

1

1 | including but not limited to E-911 Phase II data (or other precise
2 | location information) for the **TARGET TELEPHONE** (the "Requested
3 | Information"), for a period of thirty (30) days.
4 |     The Court finds that there is probable cause to believe that the
5 | Requested Information will constitute or lead to evidence of
6 | violations of Title 21, United States Code, Sections 841(a)(1) and
7 | 846, among other offenses, as well as to the identification of
8 | individuals who are engaged in the commission of these offenses. The
9 | Court also finds that there is reasonable cause to believe that
10 | providing immediate notification of the execution of the warrant may
11 | seriously jeopardize an ongoing investigation. Furthermore, the
12 | execution of this warrant will not result in the seizure of any
13 | tangible property or any wire or electronic communication (as defined
14 | in 18 U.S.C. § 2510). To the extent that the warrant authorizes the
15 | seizure of any stored wire or electronic information, that seizure is
16 | expressly authorized by 18 U.S.C. § 2703(c)(1)(A).
17 |     IT IS HEREBY ORDERED pursuant to Federal Rule of Criminal
18 | Procedure 41 and 18 U.S.C. § 2703(c)(1)(A) that agents of DEA,
19 | beginning at any time within ten (10) days of the date of this Order
20 | and for a period not to exceed 30 days, may obtain the Requested
21 | Information for the **TARGET TELEPHONE**, with said authority to extend
22 | to any time of the day or night as required, including when the
23 | **TARGET TELEPHONE** leaves the Eastern District of California; all of
24 | said authority being expressly limited to ascertaining the physical
25 | location of the **TARGET TELEPHONE**, and expressly excluding the
26 | contents of any communications conducted by the user(s) of the **TARGET**
27 | **TELEPHONE**.
28 |

1  IT IS FURTHER ORDERED that Sprint/Nextel, the service provider
2  for the **TARGET TELEPHONE**, assist agents of the DEA by providing all
3  information, facilities, and technical assistance needed to ascertain
4  the Requested Information, including initiating a signal to determine
5  the location of the subject's mobile device on Sprint/Nextel's
6  network (or any networks it services or with which it has service
7  contracts) or with such other reference points as may be reasonably
8  available and at such intervals and times as directed by the law
9  enforcement agent serving the order, and furnish the technical
10 assistance necessary to accomplish the acquisition unobtrusively and
11 with a minimum of interference with such services as Sprint/Nextel
12 accords the user(s) of the **TARGET TELEPHONE.**
13 IT IS FURTHER ORDERED that the DEA compensate Sprint/Nextel for
14 reasonable expenses incurred in complying with any such request.
15 IT IS FURTHER ORDERED that the Court's Order and the
16 accompanying Affidavit submitted in support thereof, as they reveal
17 an ongoing investigation, be sealed until further Order of the Court
18 in order to avoid premature disclosure of the investigation, guard
19 against flight, and better ensure the safety of agents and others,
20 except that copies of the Court's Order in full or redacted form may
21 be maintained by the United States Attorney's Office, and may be
22 served on Special Agents and other investigative and law enforcement
23 officers of the DEA, federally deputized state and local law
24 enforcement officers, and other government and contract personnel
25 acting under the supervision of such investigative or law enforcement
26 officers, and Sprint/Nextel as necessary to effectuate the Court's
27 Order.
28

1 | IT IS FURTHER ORDERED that this warrant be returned to the issuing judicial officer within 10 days after the termination of the monitoring period authorized by the warrant.

IT IS FURTHER ORDERED that, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), service of notice may be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extension thereof.

IT IS FURTHER ORDERED that Sprint/Nextel, its affiliates, officers, employees, and agents not disclose the Court's Order or the underlying investigation, until notice is given as provided above.

DATED: June 22, 2012

GREGORY G. HOLLOWS
HONORABLE GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

4